(No. 5335—

MARIE B. BACHMEIER. Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1968.*

HOWARD R. WEISS, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY and ETTA J. COLE, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimant, Marie Bachmeier, seeks judgment in the sum of $7,500.00 for injuries suffered on August 16, 1964, when she stepped into a hole in a parkway, which was owned, controlled and maintained by respondent, fracturing her foot and injuring her leg.

Claimant contends that respondent so negligently, carelessly and unlawfully maintained the area or parkway where she fell that it permitted or constructed a deep, narrow hole or sewer to be on the premises for a considerable time without any barricade or warning, and that the hole was for all practical purposes invisible in the night time when the accident occurred.

Before claimant may recover, she must prove (1) her freedom from contributory negligence, (2) respondent's negligence, and (3) that respondent's negligence was proximate cause of the injuries suffered.

Claimant testified as follows: that at the time of the occurrence she was 51 years old, and that she worked then as she had for 16 years as a bakery saleslady at a salary of $65.00 per week; that on the evening in question, at about 9:30 P.M., after it was dark, she and her husband arrived in the vicinity of the occurrence to attend a Schwaben picnic, an annual affair in the local German community; that the picnic was held in a private picnic grove, known as Erhart's Grove, then located several blocks west on Talcott Road, from where her car was parked on Dee Road, just south of Talcott. There was no closer parking place, according to the claimant, since there were between 10,000 and 15,000 people attending the picnic.

There was no sidewalk at the place where the car was parked. Claimant testified that pedestrians had to walk on the parkway. When claimant returned to her car about 12:30 A.M., she walked in the parkway, and her leg went into a deep hole about up to her knee causing the injury in the instant case. Claimant testified that it was dark, and there was no artificial lighting in the area, the only light being a traffic light. She stated that she had never seen the hole before. The next morning she was taken to Illinois Masonic Hospital. Her right leg was put into a cast for four weeks, and she was unable to work for nine weeks.

George Penge, a witness called in behalf of claimant, testified that he was familiar with the conditions at the spot in question, having visited the Park Ridge Animal

Hospital at the corner of the intersection. He testified that many pedestrians used the area in question, including people going to the animal hospital and the picnic grove, and people living in the area. He stated that the pedestrians must use the parkway, or else they would have to walk on the road and take a chance of getting hit. Mr. Penge identified photographs of the hole submitted by claimant, and he further testified that the hole had been in the parkway for a least a year prior to August 16, 1964. He described the hole as being about seven to nine inches in diameter and about one to two feet deep. Mr. Penge further testified that he had never reported the existence of the hole to the authorities. He had driven by the parkway in the evening, and had observed people walking there late at night especially when the picnic grove was open.

Respondent presented no witnesses, and submitted no exhibits or Departmental Report to rebut claimant's testimony. Respondent's failure to offer any evidence in rebuttal to claimant's proof, including respondent's failure to offer even the Departmental Report referred to by respondent in its brief, leaves the Court no alternative but to conclude that respondent has, in fact, no such rebutting evidence. The Court must conclude, therefore, that claimant has proved the negligence of respondent by a preponderance of evidence.

Respondent has not shown that it exercised reasonable care in maintaining its property. Photographs of the area submitted by claimant reveal that the hole was located in a grassy area, which had to be regularly mowed by respondent's employees. The existence of the hole for at least a year prior to the accident in an area, which is regularly covered by employees of respond-

ent in their maintenance duties, establishes that respondent knew or should have known of the dangerous condition, which threatened pedestrians who regularly walked on the parkway in question.

Claimant's injury was diagnosed as a fracture of the right foot, and she has not yet been discharged from medical care. As above stated, she was unable to work for a period of nine weeks, and still suffers pain and discomfort.

Claimant is hereby awarded the sum of $2,400.00.